```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VINCENT MASINO, KEITH LOSCALZO,
FANCISCO FERNANDEZ, PHILIP A.
FAICCO, JAMES KILKENNY and
EDWARD DRAGO, as Trustees and                      REPORT AND
Fiduciaries of the PAVERS AND ROAD                 RECOMMENDATION
BUILDERS DISTRICT COUNCIL
WELFARE, PENSION, ANNUITY AND                      10 CV 2341 (KAM)(RML)
APPRENTICESHIP, SKILL IMPROVEMENT
AND TRAINING FUNDS,

                              Plaintiffs,

        -against-

A TO E, INC.,

                              Defendant.
----------------------------------------------------------X
```

LEVY, United States Magistrate Judge:

By order dated April 12, 2011, the Honorable Kiyo A. Matsumoto, United States District Judge, referred plaintiffs' motion for a default judgment to me for a report and recommendation. For the reasons stated below, I respectfully recommend that plaintiffs' motion for a default judgment be granted and that they be awarded a total of $97,159.58.

## BACKGROUND AND FACTS

Plaintiffs Vincent Masino, Keith Loscalzo, Francisco Fernandez, Phillip A. Faicco, James Kilkenny and Edward Drago (collectively, "plaintiffs"), Trustees and Fiduciaries of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (collectively, the "Funds"), brought this action in May 2010 under § 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. After defendant failed to appear or answer in this action, plaintiff moved

for a default judgment and Judge Matsumoto referred the motion to me. (Order, dated Apr. 12, 2011.) To date, the court has received no communication from defendant. Plaintiffs have demonstrated that defendant was properly served with the Summons and Complaint and the First Amended Complaint. (See Affidavit of Service of Mary M. Bonville, sworn to May 27, 2010; Affidavit of Service of Mary M. Bonville, sworn to Aug. 12, 2010; see also Declaration of Charles R. Virginia, Esq., dated May 4, 2011 ("Virginia Decl."), ¶¶ 4, 5.) In addition, a Clerk's Certificate confirms that defendant has not filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired. (Clerk's Certificate, dated Feb. 3, 2011.) Therefore, I respectfully recommend that plaintiffs' request for a default judgment be granted.

It is well-settled that a defaulting defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Plaintiffs' allegations are as follows:

Each of the Funds is a multi-employer employee benefit trust fund, organized and operated in accordance with ERISA. (First Amended Complaint, dated Aug. 11, 2010 ("Am. Compl."), ¶ 1.) The Funds provide benefits to the members of the Highway, Road and Street Construction Laborers Local Union No. 1010 ("Local 1010") and/or the Sheet Asphalt Workers Local Union No. 1018 ("Local 1018") (collectively, the "Union") and maintain their principal place of business in Flushing, New York. (Am. Compl. ¶¶ 1, 4.)

A to E Inc. ("defendant" or "A to E") is a corporation registered to do business in New York, with its principal place of business in Seaford, New York. (Id. ¶ 2.) Defendant is bound to a collective bargaining agreement (the "CBA") between the Union and various

employers within the paving industry. (See id. ¶ 10.) Pursuant to the provisions of the CBA, defendant was obligated to contribute to the Funds for all work performed by pavers and road builders employed by defendant within certain specified trade and geographical jurisdictions. (See CBA, Art. IX, § 1, attached to Declaration of Francisco Fernandez, dated May 3, 2011 ("Fernandez Decl."), as Ex. A; see also id. ¶ 6.) Defendant was required to make payments no later than thirty-five days after the end of each month during which it employed individuals covered by the CBA. (See CBA, Art. IX, § 1; see also Fernandez Decl. ¶ 6.)

In this action, plaintiffs allege that defendant failed to make contributions to the Funds for work performed during the period of July 2009 through June 2010. (Am. Compl. ¶¶ 14, 15.) Further, plaintiffs assert that pursuant to the Funds' Policy for Collection of Delinquent Benefit Contributions (the "Collection Policy"), they are entitled to interest, liquidated damages, attorney's fees and costs in connection with defendant's failure to pay.[1] (See Collection Policy, Art. II, ¶ 4, attached to Declaration of Joseph Montelle, dated May 3, 2011 ("Montelle Decl."), as Ex. C; see also Montelle Decl. ¶ 7.) Specifically, plaintiffs allege that defendant owes the Funds $92,319.12 (consisting of unpaid contributions in the amount of $69,939.20, interest in the amount of $8,392.08, and liquidated damages in the amount of $13,987.84), as well as attorney's fees and costs. (Montelle Decl. ¶ 10.)

## DISCUSSION

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of

---

[1] Article IX of the CBA binds defendant to all actions undertaken by the Funds' trustees in accordance with relevant trust agreements, including the Collection Policy. (See Letter of Linc C. Leder, Esq., dated July 15, 2011; CBA Art. IX, § 1.)

mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). However, the plaintiff need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." Greyhound Exhibitgroup, Inc., 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Here, documentary evidence and declarations submitted by plaintiffs and their counsel provide this basis. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); see also Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) (affirming that "the court may rely on detailed affidavits or documentary evidence").

"An employer's failure to contribute an agreed upon amount to a benefit plan pursuant to a collective bargaining agreement is an ERISA violation creating a right of action for the benefits due." Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Manhattan Plumbing Corp., No. 08 CV 3036, 2009 WL 5821676, at *3 (E.D.N.Y. Oct. 8, 2009) (quoting Trs. of the Bldg. Servs. 32B-J, Pension, Health & Annuity Funds v. Linden Realty Assocs., No. 94 CV 1358, 1995 WL 302454, at *4 (E.D.N.Y. May 8, 1995)); LaBarbera v. Modern Cont'l Constr. Co., No. 07 CV 2051, 2008 WL 1909216, at *3 (E.D.N.Y. Apr. 30, 2008). Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes the Funds to recover:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of --
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan
>     in an amount not in excess of 20 percent . . . of the
>     amount determined by the court under subparagraph
>     (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by
> the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

Section 1332(g) thus creates an automatic right to interest, liquidated damages, and attorney's fees "in any case in which a judgment in favor of the plan is awarded." Trs. of the Plumbers Local Union No. 1 Welfare Fund, 2009 WL 5821676, at *3; Cement and Concrete Workers Dist. Council Welfare Fund v. Baroco Contracting Corp., No. 08 CV 1671, 2009 WL 928331, at *3 (E.D.N.Y. Apr. 2, 2009); Trs. of the Bldg. Servs. 32B-J, Pension, Health and Annuity Funds,1995 WL 302454, at *7; see also DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1039 (E.D.N.Y. 1993).

### A. Unpaid Contributions

Plaintiffs seek unpaid contributions owed by defendant for work performed during the period of July 2009 through June 2010. Plaintiffs claim that defendant owes unpaid contributions in the amount of $69,393.20. (Montelle Decl. ¶ 6.) In support of their claim, plaintiffs have submitted monthly remittance reports covering much of the relevant period.[2] (See attachments to Letter of Linc C. Leder, Esq., dated July 15, 2011.) Having thoroughly reviewed plaintiffs' submission, I find that plaintiffs have only documented unpaid contributions in the amount of $68,811.20. As a result, I respectfully recommend that plaintiffs be awarded $68,811.20 in unpaid contributions.

### B. Interest on Unpaid Contributions

Plaintiffs are entitled to interest on the unpaid contributions. "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate

---

[2] Plaintiffs' submission contains remittance reports for the months of July through November 2010 and February through June 2011. However, remittance reports for December 2010 and January 2011 were not included in the submission.

prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2)(E). Pursuant to the Collection Policy, interest is to be calculated at the rate of ten percent (10%) per annum. (See Collection Policy, Art. II, ¶ 4; see also Montelle Decl. ¶ 7.) Plaintiffs calculate the interest as $8,392.08, which they arrived at by converting to a daily interest rate and calculating the interest accrual from the date the payment was due to the approximate date of the filing of this motion. (Montelle Decl. ¶ 8.) As noted above, plaintiffs made an error in their calculation of the unpaid contribution amount. Consequently, their calculations as to the amount of interest owed are also incorrect. Using the same formula as plaintiffs, I calculate the interest owed as $8,257.34. Therefore, I respectfully recommend that plaintiffs be awarded $8,257.34 in interest on unpaid contributions.

### C. Liquidated Damages for Unpaid Contributions

Plaintiffs are also entitled to liquidated damages in an amount not in excess of twenty percent (20%) of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(ii). The Funds' Collection Policy provides for liquidated damages to be calculated at the maximum rate. (See Collection Policy, Art. II, ¶ 4; see also Montelle Decl. ¶ 7.) Plaintiffs calculated the liquidated damages as $13,987.84. (Montelle Decl. ¶ 9.) Again, plaintiffs' calculations are incorrect as they are based on an erroneous calculation of the unpaid contributions owed. By the court's calculation, defendant owes $13,762.24 in liquidated damages. Therefore, I respectfully recommend that plaintiffs be awarded $13,762.24 in liquidated damages.

### D. Attorney's Fees and Costs

Finally, plaintiffs are entitled to "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). Pursuant to ERISA and the Collection Policy (see

Collection Policy, Art. II, ¶ 4), plaintiffs seek $6,492.00 in legal fees and $485.00 in costs (Virginia Decl. ¶¶ 11, 12) and have submitted contemporaneous time records[3] and a declaration of their counsel in support (see Virginia Decl., Ex. D).

In calculating a "reasonable" fee award, the court must first establish a reasonable hourly rate, which is "the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112 (2d Cir. 2007). "A district court's choice of rates is well within its discretion." Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 206 (E.D.N.Y. 2007) (internal quotations omitted); see also Meehan v. Gristede's Supermarkets, Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997); Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter. Luciano v. Olsten Corp., 109 F.3d 111, 115–16 (2d Cir. 1997); Cho, 524 F. Supp. 2d at 206. The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Cruz, 34 F.3d at 1160 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Here, I find plaintiffs' counsel's hourly rates of $200 for attorneys and $80 for paralegals to be reasonable and in line with rates awarded in this district to counsel with comparable experience. See, e.g., Finkel v. Triple A Group, Inc., 708 F. Supp. 2d 277, 290

---

[3] In the Second Circuit, applications for attorney's fees must be supported by contemporaneous time records specifying relevant dates, time spent, and work done. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983); Broadcast Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656, 661 (S.D.N.Y. 1996).

(E.D.N.Y. 2010) (approving hourly rates ranging from $200 to $225 per hour for attorneys and $75 per hour for paralegals in ERISA action); T & M Meat Fair, Inc. v. United Food and Commercial Workers, Local 174, No. 00 CV 7968, 2002 WL 31202711, at *4 (S.D.N.Y. Sept. 25, 2002) (plaintiffs' counsel's hourly rate of $250 held reasonable in ERISA case); Skold v. American Int'l Group, Inc., No. 96 CV 7137, 1999 WL 405539, at *7 (S.D.N.Y June 18, 1999) (awarding fees of $400 and $275 per hour), aff'd, 205 F.3d 1324 (2d Cir. 2000); New Leadership Comm. v. Davidson, 23 F. Supp. 2d 301, 310 (E.D.N.Y. 1998) (approving hourly billing rate of $275).

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that the number of hours claimed are "reasonable." See Trs. of the United Teamster's Fund v. Ronnie's Truck Serv., Inc., No. 07 CV 4456, 2008 WL 2686993, at *4 (E.D.N.Y. July 8, 2009) (citing McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006)). "The number of hours spent on litigation and the staffing pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary." Bourgal v. Atlas Transit Mix, No. CV-93-0569, 1996 WL 75290, at *7 (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 150 F.R.D. 29, 35 (E.D.N.Y. 1993)). Plaintiffs' counsel expended a total of 33.45 hours on this case. (See Virginia Decl., Ex. D.) Having reviewed counsel's time records, I find the number of hours expended on this action to be excessive.[4] In making that determination, I note that defendant is in default and this motion is undisputed, the

---

[4] Plaintiffs' counsel admits as much in his declaration when he notes that "[t]he fees are unusually high for a default case[.]" (Virginia Decl. ¶ 11.)

majority of the entries noted on the invoice lack detail, and many of the tasks appear duplicative.[5] See Del Turco v. Taylor Tile. Co., No. CV 5443, 2007 WL 2581882, at *6 (E.D.N.Y. Aug. 6, 2007).

Where, as here, the application for fees is excessive, the court may order an across-the-board percentage reduction in compensable hours. In re "Agent Orange" Prods. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (explaining that "the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'") (quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)); see also U.S. Football League v. Nat'l Football League, 887 F.2d 408, 415 (2d Cir. 1989) (approving a percentage reduction of total fee award to account for vagueness in documentation of certain time entries). I find a ten percent (10%) reduction in plaintiffs' counsel's billing records sufficient to account for some vague entries and some duplicative and excessive work. See Lanzafame v. Dana Restoration, Inc., No. 09–CV–0873, 2011 WL 1100111, at *5 (E.D.N.Y. Mar. 22, 2011). Accordingly, I recommend a fee award of $5,842.80.

Plaintiffs also seek costs in the amount of $485.00. (Virginia Decl. ¶ 12.) A court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citation omitted). Here, the expenditures are for filing fees and service of process in connection with the two complaints. I

---

[5] Further, plaintiffs' counsel claims that many of the hours are attributable to correspondence with defendant and to settlement negotiations. (See Virginia Decl. ¶ 11.) I note, however, that only two entries on counsel's bill, amounting to only 0.6 hours, explicitly mention settlement. (See October 2, 2010 and February 23, 2011 billing entries in Virginia Decl., Ex. D.)

find the amount reasonable. Therefore, I respectfully recommend that plaintiffs be awarded $485.00 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs receive (a) $68,811.20 in unpaid benefit fund contributions; (b) $8,257.34 in interest on unpaid contributions; (c) $13,763.24 in liquidated damages for unpaid contributions; and (d) $5,842.80 in attorney's fees and $485.00 in costs. In total, I recommend an award to plaintiffs of $97,159.58. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Matsumoto and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e). Plaintiffs are directed to serve a copy of this Report and Recommendation on defendant.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       September 22, 2011